**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

CASEY DANIEL PIERCE,

    Plaintiff,

v.

THE STATE OF GEORGIA; MARTY C. ALLEN; and TONYA JOHNSON,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-31

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement. (Doc. 1.) The Court has conducted an initial review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

In his Complaint, Plaintiff alleges Defendant Tonya Johnson confiscated and lost Plaintiff's property after his assignment to the Tier II Segregation Unit. (Doc. 1, p. 5.) Plaintiff also alleges that Defendant Marty C. Allen then ignored Plaintiff's grievances pertaining to the loss of his property. (Id.) As a result, Plaintiff maintains Defendants violated his procedural due process rights by failing to inventory and return inmate property as required by prison policy and

---

[1] The facts set forth below are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

for failing to properly address his grievances. (Id.) Plaintiff requests that Defendants return his property, that he be awarded damages, and that he be placed in transitional housing. (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.    Dismissal of Claims Relating to Loss of Property**

Plaintiff claims that Defendant Johnson misplaced his personal property and failed to return it to him. (Doc. 1, p. 5.) Plaintiff's claims implicate his right to procedural due process. A Section 1983 action alleging a procedural due process clause violation requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). As to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." Cryder, 24 F.3d at 177.

Moreover, determining whether due process is satisfied requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. at 178 (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

However, even if a state actor has continued to wrongfully retain a person's personal property, "no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991)). "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Georgia law provides a postdeprivation remedy through an action for conversion of personal property, which "is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers." Case, 555 F.3d at 1331. This claim arises under O.C.G.A. § 51–10–1. Lindsey, 936 F.2d at 561. This statute provides that "[t]he owner of personalty is entitled to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies." O.C.G.A. § 51-10-1 (2017). The Eleventh Circuit has noted that, "[t]his statutory provision covers the unauthorized seizure of personal property by police officers. Therefore, the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law." Lindsey, 936 F.2d at 561 (quoting Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (per curiam)); see also Allen v. Peal, No. CV 312-007, 2012 WL 2872638, at *2–3 (S.D. Ga. June 18, 2012) (dismissing a due process claim for lost or seized personal property because O.C.G.A. § 51-10-1 provides an adequate post-deprivation remedy).

Consequently, Plaintiff's claims regarding the alleged deprivation of his property comprise a matter for determination by the courts of the State of Georgia. Therefore, Plaintiff may not present his claims to this Court under Section 1983. Accordingly, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim.

## II.   Denial of Grievance Claims

"An allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2,

2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), *report and recommendation adopted*, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)).

Plaintiff wishes to hold Defendant Allen liable based on his failure to respond to Plaintiff's grievances. Plaintiff's only mention of Defendant Allen in his Complaint—other than his position as Warden of Georgia State Prison—is that Defendant Allen failed to respond to Plaintiff's grievances requesting the return of his property. This basis of liability is insufficient under Section 1983. Because Plaintiff has failed to plausibly allege that Defendant Allen was personally involved in, or otherwise causally connected to, the alleged violations of his constitutional rights, the Court should **DISMISS** all claims against Defendant Allen.[2]

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this

---

[2] In addition, Plaintiff has failed to state a claim against the State of Georgia. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Accordingly, the Eleventh Amendment immunizes this Defendant from suit.

[3] A certificate of appealability is not required in this non-habeas action.

context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of April, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA